Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-285-ELG |
| | ) | (Chapter 11) |
| AVAMERE NPS STABLES LLC | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**MOTION TO TAKE EXAMINATION OF (I) THE KEY GROUP, LLC
T/A THE ATLANTIC TITLE GROUP AND (II) JAMES P. YOKE, ESQ.,
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

Comes now WCP Fund I LLC ("WCP" or the "Movant"), a creditor herein, by and through

undersigned counsel, and moves this Honorable Court, pursuant to Federal Rule of Bankruptcy

Procedure 2004, to (a) issue the attached subpoenas,[1] for the production of documents, to (i) The

Key Group, LLC t/a The Atlantic Title Group ("ATG"); and (ii) James P. Yoke, Esq. ("Mr.

Yoke"); and (b) issue the attached subpoena, for attendance at an oral examination, to Mr. Yoke;

and in support thereof states as follows:

---

[1] The attached subpoenas are blank as to the date of document production and the date/time of examination. Should this motion be granted, the date for document production will be inserted as a date not less than fourteen (14) calendar days from the date on which such an order is entered, and the date/time for examinations will be inserted as a date at least seventeen (17) calendar days from the date on which such an order is entered. A suitable location for the examination will also be inserted.

1

## I.    Introduction

WCP loaned monies to Avamere NPS Stables LLC ("Stables" or the "Debtor"), with said loan to be secured by a first position lien against the Debtor's real estate interests at 2701 Linden Lane, Silver Spring, Maryland 20910 (the "Property"). The closing of the loan was handled by ATG and its principal, Mr. Yoke. WCP furnished this financing on the express condition that the resulting security interest be senior to all other private obligations. And, until this week, WCP had every reason to believe such is precisely what occurred.

Ira S. Saul, an attorney representing B&L Funding LLC ("BLFL"), has now asserted that (i) his client held a prior loan secured against the Property, (ii) said loan was modified – not retired – at the time of ATG conducting the at-issue closing on WCP's loan, (iii) a loan modification agreement (the "Modification Agreement," a copy of which is attached hereto as Exhibit A), subsequently recorded amongst the land records, was altered post-execution to reflect a lower sum of indebtedness; (iv) a subordination agreement (the "Subordination Agreement," a copy of which is attached hereto as Exhibit B), subsequently recorded amongst the land records, is "a fake document;" (v) BLFL's principal never signed the Subordination Agreement, with the signature thereupon not "resembl[ing] his actual signature;" (vi) the Subordination Agreement has the wrong address for BLFL's principal; (vii) BLFL's principal has "never set foot in Fairfax County," where the Subordination Agreement was putatively executed and notarized; and (viii) BLFL's principal has never met Mark Einloth ("Mr. Einloth"), the putative notary whose stamp accompanies the subject signatures.

Equally, upon subsequent inquiry, it appears (i) Mr. Einloth is not a notary public commissioned by the Commonwealth of Virginia; (ii) Mr. Einloth's notarial stamp does not contain the commission number and expiration date normally attendant to the stamp of a Virginia

notary; and (iii) the Subordination Agreement was putatively executed on December 23, 2021, but references – by book and page – the Modification Agreement, which was not recorded in the land records (and thereby assigned a book and page) until January 12, 2022.

Stated otherwise, there are serious allegations of forgery now being made in this case, a notary public who seemingly is not a notary public, a non-conforming notarial stamp, and an apparent tension with the time/space continuum. And these issues have the potential to directly inform the lien priority of multiple putative creditors, together with the existence, *vel non*, of litigation claims that may be held by the Debtor and/or its creditors, all of which would relate to this Chapter 11 proceeding.

## II.     Standard

The Federal Rules of Bankruptcy Procedure familiarly provide, *inter alia*, "On motion of any party in interest, the court may order the examination of any entity. Fed. R. Bankr. P. 2004." Fed. R. Bankr. P. 2004(a). The rule further provides for the issuance of a subpoena for documents in connection with such an examination. Fed. R. Bankr. P. 2004(c).

Despite the reference to "an entity" in the foregoing rule, the same provision has been utilized by myriad courts – including this Honorable Court – to allow the examination of natural persons. *See, e.g.*, *In re Rosebar*, 505 B.R. 82, 84 (Bankr. D.D.C. 2014) (discussing events related to the Rule 2004 examination of a debtor who was a natural person); *In re Fundamental Long Term Care, Inc.*, 501 B.R. 784, 786–87 (Bankr. M.D. Fla. 2013) ("On September 3, 2013, the Court authorized the Trustee to examine another sixteen individuals or entities (most or all of whom are potential targets of avoidance actions) under Rule 2004."); *In re HJH Consulting Group, Inc.*, 2018 WL 4090594, at *2 (Bankr. W.D. Tex. 2018) ("On June 13, 2018, Debtors' counsel

conducted the limited Rule 2004 examination of Mr. Canty. Mr. Canty is an individual and not involved as a representative of a collective entity").

As this Honorable Court has previously observed, the latitude afforded a party wishing to take such an examination, together with the scope of the examination itself, are particularly broad. *See, e.g.*, *In re Shelton Fed. Group, LLC*, 2017 WL 3190558, at *3 (Bankr. D.D.C. 2017) ("In any event, 'Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions,' and, as in the case of an administrative agency summons, a trustee is entitled to subpoena under Rule 2004 documents from multiple sources in order to assure that he is receiving accurate and complete copies." (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); citing *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1393 (9th Cir. 1985)).

### III.    Argument: The Subpoenas Should be Allowed

WCP believes it holds a first position lien on the Property, excepting any governmental obligations of a senior nature. BLFL at least purports to also believe it holds a first position lien on the Property. These two beliefs are mutually exclusive, divided by allegations of forged signatures and a suspect notarial seal. In the balance hangs a large sum of money, various rights under Title 11 of the United States Code (the "Bankruptcy Code"), and the Debtor's reorganizational ambitions. So it seems altogether proper to ask ATG and Mr. Yoke to both produce their respective files and, shortly thereafter, answer some questions under oath.

To be sure, other requests for examination – involving other parties – may well ensue. It is entirely possible that Mr. Einloth (who appears to be a real person living in Florida, with various connections to Maryland) will need to answer some questions. So too might the principal of BLFL. But for the time being, ATG and Mr. Yoke appear to be the logical first candidates for examination as WCP endeavors to unravel the truth behind this anomalous construct.

4

## IV.    Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) authorize the
issuance of the subpoenas attached hereto as Exhibits C, D, and E and F; and (ii) afford such other
and further relief as may be just and proper.

Respectfully submitted,

Dated: November 8, 2023        By:    /s/ Maurice B. VerStandig
                                      Maurice B. VerStandig, Esq.
                                      Bar No. MD18071
                                      The VerStandig Law Firm, LLC
                                      1452 W. Horizon Ridge Pkwy, #665
                                      Henderson, Nevada 89012
                                      Phone: (301) 444-4600
                                      Facsimile: (301) 444-4600
                                      mac@mbvesq.com
                                      *Counsel for WCP Fund I LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of November, 2023, a copy of the foregoing was
served electronically upon filing via the ECF system, with copies to (i) the Debtor's counsel; (ii)
the United States Trustee; and (iii) all others registered to receive such notice, with copies also
being sent via US Mail, postage prepaid, to:

The Key Group, LLC
605 Baltimore Annapolis Blvd. #2
Severna Park, Maryland 21146

James Yoke, Esq.
Atlantic Title Group
605 Baltimore Annapolis Blvd #2
Severna Park, MD 21146

and

Avamere NPS Stables LLC
c/o James Smith

44050 Ashburn Shopping Plaza
Suite 195-637
Ashburn, VA 20147

I FURTHER CERTIFY that while not required by governing rules, I have also sent a copy

of the foregoing James Yole, Esq., via electronic mail, to jay@theatlantictitlegroup.com, as that is

the e-mail account known to be monitored by Mr. Yoke as recently as November 8, 2023.


/s/ Maurice B. VerStandig
Maurice B. VerStandig