IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: ) | Case No. 23-00285-ELG | |
| ) | | |
| AVAMERE NPS STABLES LLC ) | (Chapter 11) | |
| ) | | |
| Debtor. ) | | |
| ) | | |
| In re: ) | Case No. 23-00286-ELG | |
| ) | | |
| AVAMERE NPS CARPENTERS LLC ) | (Chapter 11) | |
| ) | | |
| Debtor. ) | | |
| ) | | |

**OPPOSITION TO THE TRUSTEE'S MOTION TO CONVERT OR DISMISS**

Avamere NPS Stables, LLC and Avamere NPS Carpenters, LLC hereby oppose the Trustee's Motion to Convert or Dismiss (the "Motion to Convert or Dismiss"), and state as follows:

There is no cause stated in the Motion to Convert or Dismiss. Since the Petition Date, the Debtor have been searching for insurance. The Debtors expected to have insurance the week after the meeting of creditors but received a rejection from an insurer they thought would provide insurance. It took over weeks to receive the rejection. The reason for the rejection was that the Debtors were in bankruptcy. Since then, the Debtors have been working with three different brokers to obtain insurance and fully expect to have their respective properties insured. The Debtors are still waiting to hear back from all three brokers. However, the lowest priced property insurance was quoted at $40,000.00, which is beyond the Debtors' means. Liability insurance was quoted at approximately $3,000.00.

The Debtors today came to learn that one of their lenders, WCP Fund I, LLC purchased force placed insurance against the Properties. WCP Fund I, LLC has declined to provide the

Debtors with a certificate, as such certificate would list all of the properties on which WCP Fund I, LLC has insurance. Based on this representation, the Debtors' principal, James Smith, has ordered the liability insurance and expects to obtain the same this week.

The lack of insurance does not constitute cause to grant the Motion to Convert or Dismiss. Bankruptcy Courts apply "a materiality standard as to whether a debtor's insurance in place poses a material risk to the estate or the public under § 1112(b)(4)(C)." *In re KC's Pub, LLC*, 428 B.R. 612, 618 (Bankr. M.D. Pa. 2010) (*citing In re Melendez Concrete, Inc.*, 2009 WL 2997920 (Bankr.D.N.M.2009). There is no ongoing work on the Debtor's properties and the properties are not open to the public. If property is not insured inside bankruptcy, it is not insured outside bankruptcy. However, the Debtors' properties apparently already have property insurance purchased by their lender. The Debtors' lenders, the main beneficiaries of any insurance, appear to want this case to remain in Chapter 11. It should so remain.

WHEREFORE, the Debtors request that the Motions to Convert or Dismiss be denied, and that the Court grant such other relief as it deems appropriate and proper.

Dated: December 5, 2023                    Respectfully submitted,

/s/ Justin P. Fasano
Craig M. Palik, Esq.
Justin P. Fasano, Esq.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
(301) 441-2420: Telephone
(301) 982-9450: Facsimile
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Attorneys for the Debtors*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2023, a true and correct copy of the foregoing was served by CM/ECF upon all parties receiving notice thereby.

/s/ Justin P. Fasano
Justin P. Fasano