## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-00285-ELG |
| | ) | |
| **AVAMERE NPS STABLES LLC** | ) | (Chapter 11) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Case No. 23-00286-ELG |
| | ) | |
| **AVAMERE NPS CARPENTERS LLC** | ) | (Chapter 11) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## DEBTORS' JOINT PLAN OF LIQUIDATION

Avamere NPS Stables LLC ("Stables") and Avamere NPS Carpenters LLC ("Carpenters," and collectively with Stables, the "Debtors") propose this Debtors' Joint Plan of Liquidation (the "Plan") pursuant to section 1121 of Title 11 of the United States Code.

## ARTICLE I

## DEFINED TERMS AND RULES OF INTERPRETATION

### Rules of Construction

For purposes of this Plan, except as expressly provided herein or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings ascribed to them in Article I of this Plan. Any term used in this Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable. To the extent that there is an inconsistency between a definition in this Plan and a definition set forth in the Bankruptcy Code, the definition set forth herein shall control. Whenever the context requires, such terms shall include the plural as well as the singular number, the masculine gender shall include the feminine, and the feminine gender shall include the masculine.

---

Justin P. Fasano, Esq.
Bar No. MD21201
McNamee Hosea, P.A.
6404 Ivy Lane, Ste 820
Greenbelt, MD 22070
Phone: (301) 441-2420
Facsimile: (301) 982-9450
jfasano@mhlawyers.com
*Counsel for the Debtors*

**Definitions**

*Administrative Claim* means a Claim for costs and expenses of administration of these Chapter 11 Cases under Bankruptcy Code sections 503(b), 507(b), or 1114(e)(2), and entitled to priority under Bankruptcy Code section 507(a)(2), including: (a) any actual and necessary costs and expenses incurred after the Petition Date to preserve the Estates and operate the businesses of the Debtors; and (b) all other claims entitled to administrative claim status pursuant to a Final Order of the Bankruptcy Court.

*Administrative Claims Bar Date* means the first Business Day that is thirty (30) days following the Confirmation Date.

*Allowed Claim* means a Claim or any portion thereof (a) that has been allowed by a Final Order of the Bankruptcy Court; (b) that either (1) has been Scheduled as a liquidated, non-contingent, and undisputed Claim in an amount greater than zero on the Schedules, or (2) is the subject of a timely filed Proof of Claim as to which either (i) no objection to its allowance has been filed (either by way of objection or amendment to the Schedules) within the periods of limitation fixed by the Bankruptcy Code or by any order of the Bankruptcy Court or (ii) any objection to its allowance has been settled, waived through payment, or withdrawn, or has been denied by a Final Order; or (c) that is expressly allowed in a liquidated amount in this Plan; provided, however, that with respect to an Administrative Claim, "Allowed Claim" means an Administrative Claim as to which a timely written request for payment has been made in accordance with applicable bar dates for such requests set by the Bankruptcy Court (if such written request is required) in each case as to which the Debtors, or any other party in interest (1) has not interposed a timely objection or (2) has interposed a timely objection and such objection has been settled, waived through payment, or withdrawn, or has been denied by a Final Order; provided, further, however, that for purposes of determining the status (i.e., Allowed or Disputed) of a particular Claim prior to the expiration of the period as may be fixed for filing objections to the allowance or disallowance of Claims, any such Claim which has not been previously allowed or disallowed by a Final Order of the Bankruptcy Court or this Plan shall be deemed a Disputed Claim unless such Claim is specifically identified by the Debtors as being an Allowed Claim.

*Allowed [___] Claim* means an Allowed Claim of the particular type or Class described.

*Assets* means all tangible and intangible assets of every kind and nature of the Debtors and their Estates, and all proceeds thereof, existing as of the Effective Date.

*Avoidance Actions* means Causes of Action arising under Bankruptcy Code sections 510, 541, 542, 544, 545, 547 through 551, and/or 553, or under related state or federal statutes and common law, including, without limitation, fraudulent transfer laws, whether or not litigation is commenced to prosecute such Causes of Action.

*Ballot* means each of the ballot forms distributed to each Holder of a Claim or Interest entitled to vote to accept or reject this Plan.

*Bankruptcy Code* means title 11 of the United States Code, as now in effect or hereafter amended and as applicable to the Chapter 11 Cases.

**Bankruptcy Court** means the United States Bankruptcy Court for the District of Columbia, or any other court with jurisdiction over the Chapter 11 Cases.

**Bankruptcy Rules** means, collectively, the Federal Rules of Bankruptcy Procedure and the Official Bankruptcy Forms, as amended, the Federal Rules of Civil Procedure, as amended and as applicable to the Chapter 11 Cases or proceedings therein, as the case may be, and the Local Rules, as now in effect or hereafter amended.

**Business Day** means any day, other than a Saturday, Sunday, or Legal Holiday (as defined in Bankruptcy Rule 9006(a)).

**Carpenters** means Avamere NPS Carpenters, LLC.

**Carpenters Note** means the promissory note(s) executed by Carpenters payable to WCP and/or any affiliate of WCP.

**Carpenters Property** means that property commonly known as 2725 Cassedy Street, Silver Spring MD 20910, and more specifically known as Lot 22, Block 1 in a subdivision known as "Forest Glen Park" per plat thereof recorded as Plat No. 23377 among the Land Records of Montgomery County, Maryland.

**Cash** means legal tender of the United States of America and equivalents thereof, which may be conveyed by check or wire transfer.

**Causes of Action** means any and all claims, actions, proceedings, causes of action, Avoidance Actions, suits, accounts, controversies, agreements, promises, rights of action, rights to legal remedies, rights to equitable remedies, rights to payment, and Claims (as defined in Bankruptcy Code section 101(5)), whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, and whether asserted or assertable directly or derivatively, in law, equity, or otherwise, that the Debtors and/or Estates may hold against any Entity.

**Chapter 11 Cases** means the cases under chapter 11 of the Bankruptcy Code commenced by Debtors in the Bankruptcy Court.

**Claims Bar Date** means the bar date for filing Proofs of Claim for Claims arising prior to the Petition Date against each of the Debtors in its respective Chapter 11 Case, which dates are February 20, 2024 for Creditors that are not Governmental Agencies and April 2, 2024 for Governmental Units.

**Claims Objection Deadline** means the first Business Day that is thirty (30) days following the Effective Date, or such later date as the Court may set pursuant to the request of the Debtors.

**Class** means a category of Holders of Claims or Interests, as described in Article II hereof.

**Collateral** means any property or interest in property of the Debtors' Estates subject to a Lien to secure the payment or performance of a Claim.

*Confirmation* means entry by the Bankruptcy Court of the Confirmation Order.

*Confirmation Date* means the date on which the Clerk of the Bankruptcy Court enters the Confirmation Order on the Bankruptcy Court docket in the Chapter 11 Case.

*Confirmation Hearing* means the hearing held by the Bankruptcy Court to consider confirmation of this Plan, as such hearing may be adjourned or continued from time to time.

*Confirmation Order* means the order(s) entered by the Bankruptcy Court confirming this Plan under Bankruptcy Code section 1129 in the Chapter 11 Case.

*Consummation or Consummate* means the occurrence of, or to achieve, the Effective Date.

*Contingent* means, with reference to a Claim, a Claim that has not accrued or is not otherwise payable and the accrual of which, or the obligation to make payment on which, is dependent upon a future event that may or may not occur.

*Creditor* means any Entity that holds a Claim against the Debtors.

*Debtor Reserve* means $1,500 to be paid to the estate of each Debtor by the managing member James Smith, which shall be held in the trust account of undersigned Debtors' counsel.

*Debtors* means Stables and Carpenters.

*Disallowed* means, with respect to a Claim, or any portion thereof, that such Claim (a) has been disallowed by a Final Order, (b) is Scheduled at zero or as contingent, disputed, or unliquidated, and as to which no Proof of Claim has been filed by the applicable Claims Bar Date or deemed timely filed pursuant to either the Bankruptcy Code or any Final Order or under applicable law, or (c) is not Scheduled, and as to which (i) no Proof of Claim has been filed by the applicable Claims Bar Date or deemed timely filed pursuant to either the Bankruptcy Code or any Final Order or under applicable law, or (ii) no request for payment of an Administrative Claim has been filed by the Administrative Claims Bar Date, as appropriate, or deemed timely filed pursuant to either the Bankruptcy Code or any Final Order or under applicable law.

*Disputed Claim* means a Claim, or any portion thereof, that has not been Allowed pursuant to this Plan or a Final Order, and:

      (a)    if no Claim has been filed, or deemed to have been filed, by the applicable Bar Date, which has been or hereafter is listed on the Schedules, as such may be amended by the Debtors from time to time, as unliquidated, contingent or disputed, and which has not been resolved by written agreement of the parties or an order of the Bankruptcy Court;

      (b)    if a Claim has been filed, or deemed to have been filed, by the applicable Claims Bar Date (i) a Claim for which a corresponding Claim has been listed on the

Schedules as unliquidated, contingent or disputed; (ii) a Claim for which a corresponding Claim has been listed on the Schedules as other than unliquidated, contingent or disputed, but the amount of such Claim as asserted in the Claim varies from the amount of such Claim as listed in the Schedules; or (iii) a Claim as to which any party in interest has timely filed an objection or request for estimation in accordance with this Plan, the Bankruptcy Code, the Bankruptcy Rules, and any orders of the Bankruptcy Court, or which is otherwise disputed in accordance with this Plan and applicable law, which objection, request for estimation or dispute has not been withdrawn, or determined by a Final Order;

(c)     if a request for payment of an Administrative Claim has been filed or deemed to have been filed by the Administrative Claims Bar Date, an Administrative Claim as to which any party in interest has timely filed an objection or request for estimation in accordance with this Plan, the Bankruptcy Code, the Bankruptcy Rules, and any orders of the Bankruptcy Court, or which is otherwise disputed in accordance with this Plan and applicable law, which objection, request for estimation, or dispute has not been withdrawn or determined by a Final Order;

(d)     for which a Claim was required to be filed by order of the Bankruptcy Court, but as to which a Claim was not timely or properly filed; or

(e)     that is disputed in accordance with the provisions of this Plan.

***Disputed [_____] Claim*** means a Disputed Claim of the type described.

***Disputed Claim Amount*** means (a) if a liquidated amount is set forth in the Proof of Claim relating to a Disputed Claim, (i) the liquidated amount set forth in the Proof of Claim relating to the Disputed Claim as may have been modified by Final Order of the Bankruptcy Court; (ii) an amount agreed to by the Debtors and the Holder of such Disputed Claim; or (iii) if a request for estimation is filed by any party, the amount at which such Claim is estimated by the Bankruptcy Court; (b) if no liquidated amount is set forth in the Proof of Claim relating to a Disputed Claim, (i) an amount agreed to by the Debtors and the Holder of such Disputed Claim or (ii) zero; or (c) if the Claim was listed on the Schedules as unliquidated, contingent, or disputed and no Proof of Claim was filed, or deemed to have been filed, by the applicable Bar Date and the Claim has not been resolved by written agreement of the parties or an order of the Bankruptcy Court, zero.

***Distribution*** means any distribution pursuant to this Plan to the Holders of Allowed Claims.

***Distribution Date*** means 45 days after the Effective Date.

***Effective Date*** means the Business Day this Plan becomes effective as provided in Article VII hereof.

***Entity*** has the meaning set forth in Bankruptcy Code section 101(15).

***Estate*** means the estate of the Debtors created under Bankruptcy Code section 541.

***Exhibit*** means an exhibit annexed to either this Plan or as an appendix to the Disclosure Statement, or filed separately with the Clerk of the Bankruptcy Court in connection with the hearing on the Confirmation of this Plan or the approval of the Disclosure Statement.

***Final Decree*** means the decree contemplated under Bankruptcy Rule 3022.

***Final Fee Applications*** means the final requests for payment of Professional Fee Claims.

***Final Order*** means an order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket in the Chapter 11 Case, the operation or effect of which has not been stayed, reversed, or amended and as to which order or judgment (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending.

***General Unsecured Claim*** means a Claim that is not an Administrative Claim, a Secured Claim, a Priority Tax Claim, or a Non-Tax Priority Claim.

***Governmental Unit*** has the meaning set forth in Bankruptcy Code section 101(27).

***Holder*** means an Entity holding a Claim or Interest.

***Impaired*** means, when used in reference to a Claim, Interest, or Class, a Claim, Interest, or Class that is impaired within the meaning of Bankruptcy Code section 1124 of the Bankruptcy Code.

***Interests*** means the legal, equitable, contractual, and other rights of any Entity with respect to any capital stock, membership interest, or other ownership interest in the Debtors, whether or not transferable, and all options, warrants, call rights, puts, awards, or rights or agreements to purchase, sell, or subscribe for an ownership interest or other equity security in the Debtors.

***Lien*** shall mean any lien, security interest, pledge, title retention agreement, encumbrance, charge, mortgage, or hypothecation to secure payment of a debt or performance of an obligation, other than, in the case of securities and any other equity ownership interests, any restrictions imposed by applicable United States or foreign securities laws.

***Local Rules*** means the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Columbia.

***Non-Tax Priority Claim*** means a Claim, other than an Administrative Claim or Priority Tax Claim, which is entitled to priority in payment pursuant to Bankruptcy Code section 507(a).

***Petition Date*** means October 5, 2023.

***Professional Fee Claims*** means the Claims of professionals engaged by the Debtors

pursuant to Sections 327 and/or 328 of the Bankruptcy Code.

*Scheduled* means, with respect to any Claim, the status, priority, and amount, if any, of such Claim as set forth in the Schedules, as they have been, or may be, amended.

*Schedules* means the schedules of assets and liabilities, the list of Holders of Interests, and the statements of financial affairs to be filed by the Debtors pursuant to Bankruptcy Code section 521 and the Bankruptcy Rules, as such schedules have been or may be further modified, amended, or supplemented in accordance with Bankruptcy Rule 1009 or orders of the Bankruptcy Court.

*Secured Claim* means a Claim that is secured by Collateral owned by the Debtors, subject to Section 506(a) of the Bankruptcy Code.

*Stables* means Avamere NPS Stables, LLC.

*Stables Note* means the promissory note(s) executed by Stables payable to WCP and/or any affiliate of WCP.

*Stables Property* means that property commonly known as 2701 Linden Lane, Silver Spring MD 20910, and more specifically known as Lot 43, Block 1 in a subdivision known as "Forest Glen Park" per plat thereof recorded as Plat No. 23374 among the Land Records of Montgomery County, Maryland.

*Tax Claim* means all or that portion of a Claim held by a Governmental Unit for a tax assessed or assessable against the Debtors, including income and employment taxes and any related penalties or interest.

*Taxes* means any and all taxes, levies, imposts, assessments, or other charges of whatever nature imposed at any time by a Governmental Unit or by any political subdivision or taxing authority thereof or therein and all interest, penalties, or similar liabilities with respect thereto.

*Unclassified Claims* means Administrative Claims and Priority Tax Claims.

*Unimpaired* means, when used in reference to a Claim, Interest, or Class, a Claim, Interest, or Class that is not impaired within the meaning of Bankruptcy Code section 1124.

*U.S. Trustee* means the Office of the United States Trustee for the District of Columbia.

*WCP* means WCP Fund I LLC.

### Computation of Time

In computing any period of time prescribed or allowed by this Plan, the provisions of Bankruptcy Rule 9006(a) shall apply, irrespective whether the Bankruptcy Case is pending at the time such computation is made.

**Governing Law**

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), and except as otherwise provided herein or therein, the laws of the District of Columbia shall govern the construction and implementation of this Plan and any agreements, documents, and instruments executed in connection with this Plan, without giving effect to the conflicts of law principles thereof.

**Exhibits**

All Exhibits are incorporated into and are a part of this Plan as if set forth in full herein.  To the extent any Exhibit is inconsistent with the terms of this Plan, unless otherwise ordered by the Bankruptcy Court, the non-Exhibit portion of this Plan shall control.

## ARTICLE II

## CLASSIFICATION, IMPAIRMENT, AND TREATMENT OF CLAIMS AND INTERESTS

**CLASSIFICATION AND IMPAIRMENT OF CLAIMS AND INTERESTS**

*Introduction*

All Claims and Interests, except Administrative Claims and Priority Tax Claims are placed in the Classes set forth below.  In accordance with Bankruptcy Code section 1123(a)(1), Administrative Claims and Priority Tax Claims have not been classified.

A Claim or Interest is placed in a particular Class only to the extent that the Claim or Interest falls within the description of that Class, and is classified in other Classes to the extent that any portion of the Claim or Interest falls within the description of such other Classes.  A Claim is also placed in a particular Class for the purpose of receiving Distributions pursuant to this Plan only to the extent that such Claim is an Allowed Claim in that Class and such Claim has not been paid, released, or otherwise settled prior to the Effective Date.

*Classification and Impairment*

The following Classes are established and are Impaired or Unimpaired, as indicated below:

*Claims*

| Class Number | Description | Impairment |
|---|---|---|
| Class 1 | Secured Claims of Montgomery County, Maryland | Class 1 is unimpaired under the Plan |

| Class 2 | Secured Claim of WCP against Stables | Class 2 is impaired under the Plan |
|---|---|---|
| Class 3 | Secured Claim of WCP against Carpenters | Class 3 is impaired under the Plan |
| Class 4 | Secured Claim Linden and Cassedy Condominium | Class 4 is impaired under the Plan |
| Class 5 | Secured Claim of The National Park Seminary Master Association | Class 5 is impaired under the Plan |
| Class 6 | Secured Claim of Odeh Properties, LLC | Class 6 is impaired under the Plan |
| Class 7 | Secured Claim of B&L Funding, LLC | Class 7 is impaired under the Plan |
| Class 8 | Unsecured Claims | Class 8 is impaired under the Plan |
| Class 9 | Equity Interests | Class 9 is impaired under the Plan |

### A.    TREATMENT OF CLAIMS AND INTERESTS

#### *Unclassified Claims*

In accordance with section 1123(a)(1) of the Bankruptcy Code, certain Claims have not been classified, and the respective treatment of such Unclassified Claims is set forth immediately below.

#### *Administrative Claims*

Provided that an Administrative Claim has not been paid prior to the Effective Date, on, or as soon as reasonably practicable after the Effective Date that an Administrative Claim becomes an Allowed Administrative Claim, a Holder of an Allowed Administrative Claim shall receive, in full and final satisfaction, settlement, and release of and in exchange for such Allowed Administrative Claim, (i) Cash equal to the unpaid portion of such Allowed Administrative Claim or (ii) such other treatment as to which such Holder and the Debtors shall have agreed upon in writing. Holders of Administrative Claims will be paid in full on account of their Claims and are not entitled to vote on this Plan. Except for Professional Fee Claims, any Person seeking allowance or payment of an Administrative Claim shall serve and file a motion seeking allowance of such Claim not later than thirty (30) days following the Confirmation Date. **The failure to file a motion seeking the allowance of any Administrative Claim by the thirtieth (30th) day following the Confirmation Date shall constitute a bar against the assertion or collection of any such Administrative Claim, and shall relieve the Debtors from any liability, responsibility, or obligation with respect to such Administrative Claim. Without limiting the generality of the foregoing, no distribution shall be made pursuant to this Plan with respect to any Administrative Claim (other than Professional Fee Claims) that is not filed by the thirtieth (30th) day following the Confirmation Date. The Debtors shall not be required to file any objection in order to confirm or determine the disallowance of any late-filed motion for the allowance or payment of any Administrative Claim (other than**

**Professional Fee Claims).**

### *Priority Tax Claims*

The Debtors do not believe that any Priority Tax Claims exist in these Cases. To the extent that such claims are discovered to exist, provided that a Priority Tax Claim has not been paid prior to the Effective Date, on, or as soon as reasonably practicable after, the Distribution Date immediately following the date a Priority Tax Claim becomes an Allowed Priority Tax Claim, but in no event later than the date that is five (5) years after the Petition Date, a Holder of an Allowed Priority Tax Claim shall receive, in full and final satisfaction, settlement, and release of and in exchange for such Allowed Priority Tax Claim, (i) Cash in an amount equal to the aggregate principal amount of the unpaid portion of such Allowed Priority Tax Claim, plus interest on the unpaid portion of such Allowed Priority Tax Claim from the Effective Date through the date of payment at the rate of interest determined under applicable nonbankruptcy law as of the calendar month in which Confirmation occurs, or (ii) such other treatment as to which such Holder and the Debtors shall have agreed upon in writing; provided, however, that the Debtors shall have the right to prepay any Allowed Priority Tax Claim, or any remaining balance of any Allowed Priority Tax Claim, in full at any time on or after the Effective Date without premium or penalty.  Holders of Priority Tax Claims will be paid in full on account of such Claims and are not entitled to vote on this Plan.

### B.    Debtors Claims

### *Class 1 – Claims for Real Estate Taxes*

In full and complete satisfaction of any Allowed Secured Claim for real estate taxes, WCP shall pay any Allowed Class 1 Claim against Carpenters on the date of the Stables Transfer, and WCP shall pay any Allowed Class 1 Claim against Carpenters on the date of the Carpenters Transfer.  Holders of Allowed Class 1 Claims are unimpaired and not entitled to vote to accept or reject the Plan.

### *Class 2 –Secured Claim of WCP against Stables*

In full and complete satisfaction of the Allowed Secured Claim of WCP against the Stables Property, at a time of WCP Fund I's choosing, after seven days' notice,  Stables shall convey the Stables Property to WCP or any other entity to which WCP Fund I directs that Stables makes such transfer (the "Stables Transfer") free and clear of any liens, claims, or interest.  WCP shall be responsible for all costs of effectuating such transfer, including payment of all Class 1 Claims, closing costs, US Trustee fees, and any lien that is senior to WCP's lien on the Stables Property.  WCP shall retain its lien against the Stables Property until the Stables Transfer is consummated.  Upon confirmation of the Plan, the Stables Note shall be deemed fully satisfied as to Carpenters, and its agents, officers, consultants, employees, legal counsel, accountants, financial advisors, principals, and co-obligors and representatives of any kind co-obligors, and, and Stables shall have no further liability to WCP, except their obligation to make the Stables Transfer.  Holders of Allowed Class 2 Claims are impaired and entitled to vote to accept or reject the Plan.

### *Class 3 – Secured Claim of WCP against Carpenters*

In full and complete satisfaction of the Allowed Secured Claim of WCP against the Carpenters Property, at a time of WCP Fund I's choosing, after seven days' notice,  Carpenters shall convey the Carpenters Property to WCP or any other entity to which WCP Fund I directs that Carpenters makes such transfer (the "Carpenters Transfer") free and clear of any liens, claims, or interest.  WCP shall be responsible for all costs of effectuating such transfer, including payment of all Class 1 Claims, closing costs, US Trustee fees, and any lien that is senior to WCP's lien on the Carpenters Property.  WCP shall retain its lien against the Carpenters Property until the Carpenters Transfer is consummated.  Upon confirmation of the Plan, the Carpenters Note shall be deemed fully satisfied as to Carpenters, and its agents, officers, consultants, employees, legal counsel, accountants, financial advisors, principals, and co-obligors and representatives of any kind co-obligors, and Carpenters shall have no further liability to WCP, except their obligation to make the Carpenters Transfer.  Holders of Allowed Class 3 Claims are impaired and entitled to vote to accept or reject the Plan.

### *Class 4 – Secured Claims of Linden and Cassedy Condominium*

In full and complete satisfaction of any Secured Claims of Linden and Cassedy Condominium, Linden and Cassedy Condominium shall be treated as unsecured creditor under Class 8 of the Plan.  All liens of Class 4 Creditors shall be deemed extinguished on the Confirmation Date.  Holders of Allowed Class 4 Claims are impaired and entitled to vote to accept or reject the Plan.

### *Class 5 – Secured Claims of The National Park Seminary Master Association*

In full and complete satisfaction of any Secured Claims of The National Park Seminary Master Association, The National Park Seminary Master Association shall be treated as unsecured creditor under Class 8 of the Plan.  All liens of Class 5 Creditors shall be deemed extinguished on the Confirmation Date.Holders of Allowed Class 5 Claims are impaired and entitled to vote to accept or reject the Plan.

### *Class 6 – Secured Claims of Odeh Properties, LLC*

In full and complete satisfaction of any Secured Claims of Odeh Properties, LLC, Odeh Properties, LLC shall be treated as unsecured creditor under Class 8 of the Plan.  All liens of Class 6 Creditors shall be deemed extinguished on the Confirmation Date.Holders of Allowed Class 6 Claims are impaired and entitled to vote to accept or reject the Plan.

### *Class 7 – Secured Claims of B&L Funding, LLC*

In full and complete satisfaction of any Secured Claims of B&L Funding, LLC, B&L Funding, LLC shall be treated as unsecured creditor under Class 8 of the Plan.  All liens of Class

7 Creditors shall be deemed extinguished on the Confirmation Date. Holders of Allowed Class 7 Claims are impaired and entitled to vote to accept or reject the Plan.

### *Class 8 – Unsecured Claims*

On the Distribution Date, the Debtors shall pay any amounts left over from the applicable Debtor Reserve after payment of Administrative and Priority Tax Claims, to holders of General Unsecured Claims in full and complete satisfaction of any General Unsecured Claims. Holders of Allowed Class 8 Claims are impaired entitled to vote to accept or reject the Plan.

### *Class 9 – Equity Interests*

Holders of Class 9 Interests shall have their right to any distribution canceled under the Plan.  Holders of Class 9 Interests will not receive any payments.  James Smith will continue to manage the Debtors under their existing operating agreements  Class 9 Interests are impaired.

## ARTICLE II

## ACCEPTANCE OR REJECTION OF PLAN

### Impaired Classes of Claims Entitled to Vote

Subject to the applicable provisions of Article II of this Plan, the votes of Holders of Claims and Interests in Impaired Classes who will receive or retain property on account of their Claims or Interests and who are entitled to vote will be solicited for acceptance or rejection of this Plan. Classes of Claims or Interests that have been designated in this Plan as unimpaired are not entitled to vote with respect to the Plan.

### Confirmation Pursuant to Bankruptcy Code Section 1129(b)

To the extent that any impaired class of Claims does not accept this Plan, the Debtors hereby request confirmation of this Plan pursuant to section 1129(b) of the Bankruptcy Code.

### Reservation of Rights Relating to Plan

The Debtors reserve the right to alter, amend, modify, revoke, or withdraw this Plan or any Exhibit or schedule, including the right to amend or modify this Plan or such Exhibits or schedules to satisfy the requirements of Bankruptcy Code section 1129(b), if necessary.

### Elimination of Classes

Any Class that does not contain any Allowed Claims or Interests, or any Claims or Interests temporarily allowed for voting purposes under Bankruptcy Rule 3018, as of the date of commencement of the Confirmation Hearing, shall be deemed to have been deleted from the Plan for purposes of (a) voting to accept or reject the Plan and (b) determining whether it has accepted or rejected the Plan under section 1129(a)(8) of the Bankruptcy Code.

## ARTICLE IV

## MEANS FOR IMPLEMENTATION OF PLAN

### Revesting of Property

On the Effective Date, all property of the Estates shall revest in the Debtors, subject to the Liens and other obligations expressly created or preserved by this Plan, but otherwise free and clear of all other liens, claims, interests and encumbrances.

### Conveyance of Properties

At any time of WCP's choosing, the Debtors shall convey the Properties to WCP or any other entity to which WCP directs that the Debtors make such transfer.  WCP shall be responsible for all costs of effectuating such transfer, including payment of all required real estate taxes, closing costs, water/sewer liens and any required US Trustee fees.

### Exemption From Transfer And Recordation Taxes

Pursuant to § 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of any notes or securities under the Plan, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including, without limitation, any deeds, deeds of trust, mortgages, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan, including the transfer of the Stables Property and the Carpenters Property, and any deed of trust evidencing any loan obtained to purchase either property, shall not be subject to any stamp tax or other similar tax, including, but not limited to, transfer and recordation tax on the sale of the Property.

### Releases of Record.

Upon the request of the Debtors, any Entity that is entitled to receive any distribution under this Plan, or whose Lien is extinguished or modified pursuant to this Plan, shall execute and deliver such documents and instruments as are necessary to release, modify, or preserve of record any Lien, to the extent such Lien is extinguished, modified, or preserved pursuant to this Plan.  Notwithstanding any provision in this Plan, the Debtors shall not be required to make any distribution, or deliver any document or instrument, to such Entity, unless and until such Entity has complied with this obligation.   The obligations set forth in this paragraph shall not be waived by any action or inaction of the Debtors, including, without limitation, commencement of distributions to the affected Entity.

### Claims and Causes of Action

Except as expressly set forth in this subsection, all Causes of Action owned by the Debtors, including, without limitation, Avoidance Actions shall be preserved except any Causes of Action against WCP, which shall be deemed released.

13

### Preservation of Priority

Notwithstanding the occurrence of the Confirmation Date or the Effective Date, all Claims, including, without limitation, Administrative Claims, shall retain their respective priority under the Bankruptcy Code and applicable non-bankruptcy law, unless expressly modified by the terms of this Plan.

### Governing Documents

The operating agreement of the Debtors shall remain in place.

### Management

The managing member of the Debtors is James Smith.  James Smith is proposed to continue serving as managing member without compensation.

## ARTICLE V.

## DISTRIBUTIONS

### Bar Date

Any Claim in existence as of the Petition Date that is not scheduled by the Debtors, or that is scheduled as contingent, unliquidated, or disputed, or that varies in amount, nature, or priority from that stated in the Debtors' schedules (as amended), must have been asserted, if at all, by the filing of a Proof of Claim with the Bankruptcy Court.  Such Proof of Claim must have been filed with the Bankruptcy Court no later than the Claims Bar Date.  **The failure to file a Proof of Claim by the Claims Bar Date shall constitute a bar against the assertion or collection of any such Claim, and shall relieve the Debtors from any liability, responsibility, or obligation with respect to such Claim.  Without limiting the generality of the foregoing, no distribution shall be made pursuant to this Plan with respect to any Claim that is not filed by the Claims Bar Date.  The Debtors shall not be required to file any objection in order to confirm or determine the disallowance of any late-filed proof of claim.**

### Distributions on the Distribution Date

On the Distribution Date, the Debtors will make payments to the holders of general unsecured claims, from the funds obtained through the Debtors Reserve, to the extent any such funds are available.

### Delivery of Distributions and Undeliverable or Unclaimed Distributions

#### *Delivery of Distributions in General.*

Distributions to each Holder of an Allowed Claim shall be made by the Debtors (a) at the addresses set forth on the proofs of Claim filed by such Holder, (b) at the addresses set forth in any written notices of address changes delivered to the Debtors after the date of any related proof of Claim, (c) at the address reflected in the Schedules if no proof of Claim has been filed and the

14

Debtors have not received a written notice of a change of address, (d) at the address set forth in the other records of the Debtors at the time of the Distribution, or (e) in the case of the Holder of a Claim that is governed by an agreement and is administered by an agent or servicer, at the addresses contained in the official records of such agent or servicer. Distributions shall be made in accordance with the terms of this Plan. In making Distributions under this Plan, the Debtors may rely upon the accuracy of the claims register maintained in the Chapter 11 Cases, as modified by any Final Order of the Bankruptcy Court allowing or disallowing Claims in whole or in part.

### *Undeliverable and Unclaimed Distributions.*

If the Distribution to any Holder of an Allowed Claim is made in accordance with this Plan and is returned to the Debtors as undeliverable or is otherwise unclaimed within sixty (60) days following such Distribution, such Distribution may be cancelled and the Debtors shall be relieved of any and all obligations to make further Distributions to such Holder. Any Holder of an Allowed Claim that does not timely negotiate any payment made pursuant to this Plan shall be deemed to have forfeited its Claim and shall be forever barred and enjoined from asserting any such Claim for an undeliverable or unclaimed Distribution against the Debtors and its Estate, and their respective agents, attorneys, representatives, employees, or independent contractors, and/or any of their property. Nothing contained in this Plan shall require the Debtors to attempt to locate any Holder of an Allowed Claim; provided, however, that in its sole discretion, the Debtors may take such other action as the Debtors deems appropriate to locate the Holder of an Allowed Claim.

### Means of Cash Payment

Cash payments made pursuant to this Plan shall be in U.S. dollars and shall be made, on and after the Effective Date, at the option and in the sole discretion of the Debtors by (i) checks drawn on or (ii) wire transfers from a domestic bank selected by the Debtors. In the case of foreign creditors, Cash payments may be made, at the option of the Debtors, in such funds and by such means as are necessary or customary in a particular jurisdiction.

### Interest on Claims

Unless otherwise specifically provided for in this Plan or the Confirmation Order, post-petition interest shall not accrue or be paid on any Claim, and no Holder of an Allowed Claim shall be entitled to interest accruing on or after the Petition Date on any Claim.

### Withholding and Reporting Requirements

In connection with this Plan and all Distributions under this Plan, the Debtors shall, to the extent applicable, comply with all tax withholding, payment, and reporting requirements imposed by any federal, state, provincial, local, or foreign taxing authority, and all Distributions under this Plan shall be subject to any such withholding, payment, and reporting requirements. The Debtors shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding, payment, and reporting requirements. All amounts properly

withheld from Distributions to a Holder as required by applicable law and paid over to the applicable taxing authority for the account of such Holder shall be treated as part of the Distributions to such Holder.  All Entities holding Claims shall be required to provide any information necessary to effect information reporting and withholding of such taxes.  For example, with respect to any employee-related withholding, if the Debtors are obligated by law to withhold amounts from Distributions to a present or former employee to satisfy such present or former employee's tax and other payroll obligations, the Debtors may withhold a portion of the Distributions allocated to the Holder of an Allowed Claim that is a present or former employee, whether or not such Distributions are in the form of Cash, in such amount as is determined necessary to satisfy such Holder's tax and other payroll obligations with respect to the Distributions.  Notwithstanding the foregoing or any other provision of this Plan, (a) each Holder of an Allowed Claim that is to receive a Distribution pursuant to this Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding, and other tax obligations, on account of such Distribution, and (b) no Distribution shall be made to or on behalf of such Holder pursuant to this Plan unless and until such Holder has made arrangements satisfactory to the Debtors for the payment and satisfaction of such withholding tax obligations or such tax obligation that would be imposed upon the Debtors in connection with such Distribution.  Any property to be distributed pursuant to this Plan shall, pending the implementation of such arrangements, be treated as an undeliverable Distribution pursuant to Article V.E.2 of this Plan.

### Setoffs

#### By the Debtors

Except as otherwise provided in this Plan, the Debtors may, pursuant to Bankruptcy Code sections 553, 558, or applicable nonbankruptcy laws, but shall not be required to, set off against any Claim, and the payments or other Distributions to be made pursuant to this Plan with respect to such Claim, Claims of any nature whatsoever that the Debtors may have against the Holder of such Claim; provided, however, that neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtors of any such Claim that the Debtors may have against such Holder.

#### By Non-Debtors

Unless otherwise stipulated in writing by the Debtors, or asserted pursuant to a timely filed Proof of Claim or as expressly provided for by the terms of the agreement underlying any timely filed Proof of Claim, any party against whom a claim or counterclaim is asserted by the Estate (an "Estate Claim") must assert or must have asserted any setoff rights, right of subrogation, or recoupment of any kind against such Estate Claim at the time it answers such Estate Claim, or such right of setoff, subrogation, or recoupment will be deemed waived and forever barred. Notwithstanding the foregoing, nothing herein shall affect the setoff rights of any taxing authority.

**Procedure for Treating and Resolving Disputed, Contingent, and/or Unliquidated Claims**

*Objection Deadline; Prosecution of Objections*

Except as set forth in this Plan with respect to Administrative Claims, all objections to Claims must be filed and served on the Holders of such Claims by the Claims Objection Deadline, as the same may be extended by the Bankruptcy Court.  If an objection has not been filed to a Proof of Claim or the Schedules have not been amended with respect to a Claim that (i) was Scheduled by the Debtors but (ii) was not Scheduled as contingent, unliquidated, and/or disputed, by the Claims Objection Deadline, as the same may be extended by order of the Bankruptcy Court, the Claim to which the Proof of Claim or Scheduled Claim relates will be treated as an Allowed Claim if such Claim has not been allowed earlier.  Notice of any motion for an order extending the Claims Objection Deadline shall be required to be given only to those Entities that have requested notice in the Chapter 11 Cases, or to such Entities as the Bankruptcy Court shall order.  The filing by the Debtors of an adversary proceeding or other legal action against the Holder of any Claim shall constitute a dispute as to such Claim for the purposes of distributions under this Plan.  The provisions of this Plan relating to the Claims Objection Deadline is intended solely to facilitate orderly distributions with respect to Claims. Notwithstanding anything to the contrary herein, the failure of the Debtors to file an objection to a Claim by the Claims Objection Deadline shall not constitute a determination of the validity of such Claim for purposes of res judicata, collateral estoppel, or any other similar doctrine, shall not constitute an admission by the Debtors with respect to any Claim, or otherwise constitute a bar against the Debtors pursuing any action at law or in equity against the Holder of a Claim, or raising any defense against the assertion of any Claim.

*No Distributions on Disputed Claims*

Notwithstanding any other provision of this Plan, no payments or Distributions shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by Final Order, and the Disputed Claim, or some portion thereof, has become an Allowed Claim; provided, however, that if the only dispute regarding a Disputed Claim is to the amount of the Disputed Claim, the Holder of a Disputed Claim shall be entitled to a Distribution on account of that portion of the Disputed Claim which the Debtors do not dispute at the time and in the manner that the Debtors makes Distributions to Holders of Allowed Claims pursuant to the provisions of this Plan.

*Distributions on Allowed Claims*

Payments and Distributions to each respective Claimholder on account of a Disputed Claim, to the extent that it ultimately becomes an Allowed Claim, shall be made in accordance with the provisions of this Plan that govern Distributions to such Holders.

*De Minimis Distributions*

Except as otherwise expressly provided in this Plan, the Debtors shall not have any obligation to make a Distribution on account of an Allowed Claim if the amount to be distributed

17

to the specific Holder of the Allowed Claim does not constitute a final Distribution to such Holder and such Distribution has a value less than $10.00.

**Fractional Dollars**

Any other provision of this Plan notwithstanding, the Debtors shall not be required to make Distributions or payments of fractions of dollars. Whenever any payment of a fraction of a dollar under this Plan would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars being rounded down.

## ARTICLE VI

## CONTRACTS AND UNEXPIRED LEASES

The Debtors has no executory contracts on unexpired leases.  Any executory contracts on unexpired leases will be deemed rejected upon entry of the Confirmation Order.

## ARTICLE VII

## CONFIRMATION AND CONSUMMATION OF THIS PLAN

**Conditions to Confirmation**

In addition to any other conditions as may be imposed by law, the following are conditions to confirmation of the Plan:

1. A Final Order finding that the Disclosure Statement contains adequate information pursuant to Bankruptcy Code § 1125 shall have been entered by the Bankruptcy Court;

2. A proposed Confirmation Order in form and substance, reasonably acceptable to the Debtors;

3. Approval of all provisions, terms and conditions hereof in the Confirmation Order; and

**Conditions to Effective Date**

The following are conditions precedent to the occurrence of the Effective Date, each of which must be satisfied or waived in writing in accordance with Article VII.C of the Plan:

1. The Confirmation Order shall have been entered in the Chapter 11 Cases and shall provide that the Debtors are authorized to take all actions necessary or appropriate to enter into, implement and consummate the contracts, instruments, releases, leases, indentures, and other agreements or documents created in connection with the Plan or effectuate, advance, or further the purposes thereof;

2.      The Confirmation Order shall have become an unstayed Final Order, except that the existence of an appeal absent a stay pending appeal shall not delay the Effective Date;

3.      All Exhibits shall be, in form and substance, reasonably acceptable to the Debtors, and shall have been executed and delivered by all parties' signatory thereto;

4.      The Debtors shall be authorized and directed to take all actions necessary or appropriate to enter into, implement and consummate the contracts, instruments, releases, leases, indentures, and the agreements or documents created in connection with, and expressly provided for under, the Plan;

5.      All other actions, documents, and agreements necessary to implement the Plan shall have been effected or executed; and

### Waiver of Conditions

Each of the conditions set forth in Article VII.A and or VII.B of this Plan, except for entry of the Confirmation Order, as set forth in Article VII.B.1 of this Plan, may be waived in whole or in part by the Debtors.  The failure to satisfy or waive any condition to the Effective Date may be asserted by the Debtors as a basis to not consummate this Plan regardless of the circumstances giving rise to the failure of such condition to be satisfied.  The failure of the Debtors to exercise any of the foregoing rights shall not be deemed a waiver of any other rights, and each such right shall be deemed an ongoing right that may be asserted at any time.

### Consequences of Non-Occurrence of Effective Date

In the event that the Effective Date does not occur, the Debtors reserve all rights to seek an order from the Bankruptcy Court directing that the Confirmation Order be vacated, that this Plan be null and void in all respects, and/or that any settlement or treatment of Claims provided for in this Plan be null and void.  In the event that the Bankruptcy Court shall enter an order vacating the Confirmation Order, the time within which the Debtors may assume and assign or reject all executory contracts and unexpired leases not previously assumed, assumed and assigned, or rejected, shall be extended for a period of thirty (30) days after the date the Confirmation Order is vacated, without prejudice to further extensions as may be approved by the Court either before or after the expiration of such 30-day period.

## ALLOWANCE AND PAYMENT OF CERTAIN ADMINISTRATIVE CLAIMS

### Professional Fee Claims

#### *Final Fee Applications*

Final Fee Applications shall be filed no later than forty-five (45) days after the Effective Date.  After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and prior orders of the Bankruptcy Court, the allowed amounts of such

Professional Fee Claims shall be determined by the Bankruptcy Court.  To the extent Professional Fee Claims have been allowed prior to the Effective Date, such Claims shall be paid on the Effective Date (unless otherwise agreed in writing between the Debtors and the affected Professional).

### *Employment of Professionals after the Effective Date*

On the Effective Date, the Debtors shall be allowed, without further order of the Bankruptcy Court, to employ and compensate professionals, including, but not limited to, counsel, expert witnesses, accountants, appraisers, consultants, and financial advisors, as needed to assist them in fulfilling their obligations under the Plan, and on whatever fee arrangement they deem appropriate, including, without limitation, hourly fee arrangements and contingency fee arrangements.  Professionals engaged by the Debtors after the Effective Date shall not be required to file applications for compensation in order to receive the compensation provided for herein.  If the Debtors have any objection to an application for compensation submitted to it by a Professional, the Debtors and the Professional which has submitted the application may file a motion with the Bankruptcy Court to decide the matter.  Any Professional Fee Claims arising after the Effective Date shall be paid out of retainers and the applicable Debtor Reserve.

### Other Administrative Claims

All other requests for payment of an Administrative Claim arising from and after the Petition Date up to and through the Effective Date, other than Professional Fee Claims, must be filed with the Bankruptcy Court and served on counsel for the Debtors no later than the Administrative Claims Bar Date.  Unless the Debtors objects to an Administrative Claim, such Administrative Claim shall be deemed allowed in the amount requested.  In the event that the Debtors objects to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of such Administrative Claim.  All allowed Administrative Claims, other than Administrative Fee Claims, shall be paid in accordance with Article II.B.1 of this Plan.

## <u>ARTICLE VIII</u>

## <u>EFFECT OF PLAN CONFIRMATION</u>

### Binding Effect

This Plan shall be binding upon and inure to the benefit of the Debtors, all present and former Holders of Claims and Interests, and their respective successors and assigns.

### Discharge of the Debtors

Pursuant to Bankruptcy Code section 1141(d)(1), and subject to the occurrence of the Effective Date, Confirmation will discharge all Claims against the Debtors except for the obligations and Liens expressly created or preserved by this Plan.

### Indemnification Obligations

Except as otherwise provided in this Plan or any contract, instrument, release, or other

agreement or document entered into in connection with this Plan, any and all indemnification obligations that the Debtors has  pursuant to their operating or organizing documents, contracts, instruments, agreements, certificates of incorporation, by-laws, comparable organizational documents, or any other documents, or applicable law, shall be rejected as of the Effective Date, to the extent executory.  Nothing in this Plan shall be deemed to release the Debtors' insurers from any claims that might be asserted by counter-parties to contracts or agreements providing the indemnification by and of the Debtors, to the extent of available coverage.

### Term of Bankruptcy Injunction or Stays

All injunctions or stays provided for in the Chapter 11 Cases under Bankruptcy Code section 105 or 362, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect through and including the Effective Date. On the Effective Date, the Discharge will go into effect.

## ARTICLE IX

## RETENTION OF JURISDICTION

Under Bankruptcy Code sections 105(a) and 1142, and notwithstanding entry of the Confirmation Order, substantial consummation of this Plan, and occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Casesand this Plan to the fullest extent permitted by law, including, among other things, jurisdiction to:

1. Allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Interest, including the resolution of any request for payment of any Administrative Claim, the resolution of any objections to the allowance or priority of Claims or Interests and the determination of requests for the payment of claims entitled to priority under Bankruptcy Code section 507(a)(1), including compensation of any reimbursement of expenses of parties entitled thereto;

2.     Hear and determine all applications for compensation and reimbursement of expenses of Professionals under this Plan or under Bankruptcy Code sections 330, 331, 503(b), 1103, and 1129(a)(4); provided, however, that from and after the Effective Date, the payment of the fees and expenses of the retained Professionals of the Debtors shall be made in the ordinary course of business and shall not be subject to the approval of the Bankruptcy Court;

3.     Hear and determine all matters with respect to the assumption or rejection of any executory contract or unexpired lease to which the Debtors are a party or with respect to which the Debtors may be liable, and to hear, determine and, if necessary, liquidate any Claims arising therefrom;

4.     Effectuate performance of and payments under the provisions of this Plan;

5.     Hear and determine any and all adversary proceedings, motions, applications and contested or litigated matters arising out of, under, or related to the Chapter 11 Case, this Plan, or

any Plan Document;

6.    Enter such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of this Plan and all contracts, instruments, releases, and other agreements or documents created in connection with this Plan, the Disclosure Statement, or the Confirmation Order;

7.    Hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of this Plan, including disputes arising under agreements, documents, or instruments executed in connection with this Plan;

8.    Consider any modifications of this Plan, cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

9.    Issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with implementation, consummation, or enforcement of this Plan or the Confirmation Order;

10.    Enter and implement such orders as may be necessary or appropriate if the Confirmation Order is for any reason reversed, stayed, revoked, modified, or vacated;

11.    Hear and determine any matters arising in connection with or relating to this Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release or other agreement or document created in connection with this Plan, the Disclosure Statement or the Confirmation Order;

12.    Enforce all orders, judgments, injunctions, releases, exculpations, indemnifications, and rulings entered in connection with the Chapter 11 Case;

13.    Except as otherwise limited herein, recover all Assets of the Debtors and property of the Estate, wherever located;

14.    Hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code sections 346, 505 and 1146;

15.    Hear and determine all matters related to the property of the Estates from and after the Confirmation Date;

16.    Hear and determine any Causes of Action;

17.    Hear and determine all disputes involving the existence, nature, or scope of the injunctions, indemnification, exculpation, and releases granted pursuant to this Plan;

18.    Hear and determine all matters related to the property of the Estate from and after the Confirmation Date;

22

19.     Hear and determine all matters related to the Carpenters Transfer and the Stables Transfer

20.     Hear and determine such other matters as may be provided in the Confirmation Order or as may be authorized under, or not inconsistent with, provisions of the Bankruptcy Code;

21.     Enforce all orders previously entered by the Bankruptcy Court;

22.     Dismiss the Chapter 11 Cases; and

23.     Enter a final decree closing the Chapter 11 Cases.

If the Bankruptcy Court abstains from exercising jurisdiction, or is without jurisdiction, over any matter, this Article will not affect, control, prohibit, or limit the exercise of jurisdiction by any other court that has jurisdiction over that matter.

# ARTICLE X

## MISCELLANEOUS PROVISIONS

### Modifications and Amendments

The Debtors may alter, amend, or modify this Plan or any Exhibits thereto under Bankruptcy Code section 1127(a) at any time prior to the Confirmation Date.  After the Confirmation Date and prior to substantial consummation of this Plan as defined in Bankruptcy Code section 1101(2), the Debtors may, under Bankruptcy Code section 1127(b), institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in this Plan, the Disclosure Statement or the Confirmation Order, and such matters as may be necessary to carry out the purpose and effect of this Plan so long as such proceedings do not adversely affect the treatment of Holders of Claims under this Plan; provided, however, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or order of the Bankruptcy Court.

### Severability of Plan Provisions

If, prior to Confirmation, any term or provision of this Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, then the Bankruptcy Court, at the request of the Debtors, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of this Plan shall remain in full force and effect and shall in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the

foregoing, is valid and enforceable pursuant to its terms.

### Successors and Assigns

The rights, benefits, and obligations of any Entity named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of that Entity.

### Payment of Statutory Fees

All fees then due and payable pursuant to 28 U.S.C. § 1930 shall be paid on or before the Effective Date shall be paid by the Debtors.  All fees then due and payable pursuant to 28 U.S.C. § 1930 shall be paid on or after the Effective Date shall be paid by WCP.  All such fees that become due and payable thereafter by the Debtors shall be paid by the Debtors when due.  The Debtors shall pay quarterly fees to the U.S. Trustee until the Chapter 11 Cases are closed or converted and/or the entry of a final decree.  The Debtors shall file post-confirmation quarterly reports or any pre-confirmation monthly operating reports not filed as of the Confirmation Hearing in conformance with the U.S. Trustee Guidelines.  The U.S. Trustee shall not be required to file a request for payment of its quarterly fees, which shall be paid by the Debtors.

### Revocation, Withdrawal or Non-Consummation

The Debtors reserves the right to revoke or withdraw this Plan prior to the Confirmation Date and to file subsequent plans.  If the Debtors revokes or withdraws this Plan, or if Confirmation or consummation of this Plan does not occur, then (a) this Plan shall be null and void in all respects, (b) any settlement or compromise embodied in this Plan (including the fixing or limiting to an amount certain any Claim or Class of Claims), assumption or rejection of executory contracts or leases effected by this Plan, and any document or agreement executed pursuant to this Plan, shall be deemed null and void, and (c) nothing contained in this Plan, and no acts taken in preparation for consummation of this Plan, shall (i) constitute or be deemed to constitute a waiver or release of any Claims by or against, or any Interests in, the Debtors or any other Entity, (ii) prejudice in any manner the rights of the Debtors or any other Entity, or (iii) constitute an admission of any sort by the Debtors or any other Entity.

### Service of Documents

Any notice, request or demand required or permitted to be made or provided to or upon the Debtors under this Plan shall be (a) in writing, (b) served by (i) certified mail, return receipt requested, (ii) hand delivery, (iii) overnight delivery service, (iv) first class mail, (v) facsimile transmission or (vi) e-mail, (c) deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile or e-mail transmission, when actually received and telephonically confirmed by the recipient, and (d) addressed as follows:

*The Debtors:*

Justin P. Fasano (Fed Bar No. MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Tel: 301-441-2420
Fax: 301-982-9450
jfasano@mhlawyers.com
*Counsel for the Debtors*

### Plan Supplement(s)

Exhibits to this Plan not attached hereto shall be filed in one or more Plan Supplements. Any Plan Supplement (and amendments thereto) filed by the Debtors shall be deemed an integral part of this Plan and shall be incorporated by reference as if fully set forth herein. Substantially contemporaneously with their filing, the Plan Supplements may be viewed at the office of the clerk of the Bankruptcy Court or its designee during normal business hours, by visiting the Bankruptcy Court's website at www.dcb.uscourts.gov (PACER account required). Holders of Claims and/or Interests may obtain a copy of any Plan Supplements upon reasonable written request to counsel for the Debtors.

### Exhibits

Any and all Exhibits, or other lists or schedules not filed with this Plan or accompanying Disclosure Statement shall be filed with the Clerk of the Bankruptcy Court. Upon such filing, such documents may be inspected in the office of the Clerk of the Bankruptcy Court during normal court hours. Holders of Claims or Interests may obtain a copy of any such document upon written request to the Debtors in accordance with Article XI.F of this Plan.

### Tax Reporting And Compliance

The Debtors are hereby authorized to request an expedited determination under Bankruptcy Code section 505(b) of the tax liability of the Debtors for all taxable periods ending after the Petition Date through and including the Effective Date.

### Filing Of Additional Documents

On or before substantial consummation of this Plan, the Debtors reserve the right to file such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

Dated: January 17, 2024        Respectfully submitted

                         /s/ Justin P. Fasano
                         Justin P. Fasano (Fed Bar No. MD21201)
                         McNamee Hosea, P.A.
                         6404 Ivy Lane, Suite 820
                         Greenbelt, MD 20770
                         Tel: 301-441-2420
                         Fax: 301-982-9450
                         jfasano@mhlawyers.com
                         *Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that on this January 17, 2024, a copy of the foregoing was served by

CM/ECF on all parties requesting such notice.

                         /s/ Justin P. Fasano
                         Justin P. Fasano